**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In Re:

Arbitration Between

WYNDHAM HOTEL MANAGEMENT, INC.,            Case No:

       Petitioner,

   v.

I-SHOPS ORLANDO, LLC,

       Respondent.
_____/

**PETITION TO APPOINT SOLE ARBITRATOR**
**ON BEHALF OF WYNDHAM HOTEL MANAGEMENT, INC.**

Petitioner, Wyndham Hotel Management, Inc. ("WHM"), by and through its undersigned counsel, respectfully requests that the Court appoint an arbitrator in connection with a pending arbitration between the parties pursuant to the Federal Arbitration Act, 9 U.S.C. § 5, and in further support thereof states as follows:

**Introduction**

1.  WHM initiated an arbitration before JAMS against Respondent, I-Shops Orlando, LLC ("I-Shops"), on January 8, 2021 by filing a Demand for Arbitration in Miami, Florida (JAMS Ref. No. 1460007130) (the "Arbitration"). A true and correct copy of the Demand for Arbitration is attached hereto as **Exhibit 1**.

2.  The Arbitration arose from the Hotel Management Agreement between WHM and I-Shops (collectively, the "Parties"), dated September 1, 2012, as amended and assigned (the "HMA"). I-Shops does not dispute the contents of the HMA and its Arbitration Agreement. See,

- 2 -

e.g., I-Shops' Answer, Affirmative Defenses, and Counterclaim filed in the Arbitration on February 15, 2021, a copy of which is attached hereto as **Exhibit 2**.

3. The Parties and JAMS are at an impasse with respect to naming an arbitrator. As set forth below, after repeated attempts to appoint the sole arbitrator beginning in February 2021 pursuant to the JAMS Comprehensive Arbitration Rules and Procedures (the "JAMS Rules"), JAMS referred this matter to its "National Arbitration Committee" in May 2021 and assured the Parties that it would have a resolution by early June 2021, but JAMS has yet to take any action.

4. WHM brings this action pursuant to 9 U.S.C. § 5, requesting that the Court appoint an arbitrator in accordance with the HMA.

## The Parties, Jurisdiction, and Venue

5. WHM is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. In accordance with the HMA, WHM manages a 613-room hotel and conference center located at 8001 International Drive, Orlando, Florida (the "Facility").

6. I-Shops is a limited liability company organized under the laws of and with its principal place of business in the State of Florida. I-Shops owns the Facility.

7. This Court has subject matter jurisdiction to appoint an arbitrator under 9 U.S.C. § 5 because (a) there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, (b) the Parties have a valid arbitration agreement which provides for a method for appointing the sole arbitrator, and (c) the Parties are at an impasse with respect to selecting the sole arbitrator.

8. Venue is proper in this District pursuant to 9 U.S.C. § 4, because the Arbitration was filed and is pending in Miami, Florida.

**Factual Background**

9. Pursuant to the HMA, the Parties agreed, among other things, that WHM would manage the Facility for a ten (10) year term ending on November 30, 2023. As a consequence of the COVID-19 pandemic, among other reasons, a dispute arose between the Parties, as a result of which and following repeated efforts to negotiate a resolution, WHM commenced the Arbitration.

10. Article 15 of the HMA (the "Arbitration Agreement") provides the following concerning the dispute resolution process as well as the appointment of the arbitrator:

> The Parties shall resolve any dispute, claim or issue arising under this Agreement ("Dispute") in accordance with this Article 15. During the pendency of any legitimate, good faith Dispute that is submitted to mediation or arbitration pursuant to the terms hereof, the time period regarding the payment or performance of the disputed items only, to the extent same does not materially, adversely affect the operation of the Hotel, shall be extended unless or until such Dispute is resolved, or a party sooner obtains a ruling requiring any such time periods to continue, at which time the periods shall recommence.
>
> 15.1 <u>Mediation</u>. The Parties must first attempt to settle the Dispute by participating in at least eight (8) hours of mediation. The mediation process shall be administered by JAMS or its successors ("JAMS"). The mediation shall be held in Parsippany, New Jersey, or, at the election of either Party, the city or unincorporated district, as the case may be, in which the Hotel is located (the "Situs"). If, at the time a Dispute arises, JAMS does not exist or does not have a mediator that can serve in accordance with terms of this Article 15, and the Parties cannot agree on the identity of a substitute service provider, then the complaining Party must petition a state or federal court at the Situs to identify a substitute service provider, and the service provider identified by such court shall administer the mediation process in accordance with the terms of this Article 15. The service provider identified in accordance with the provisions of this Article 15 is referred to in this Agreement as the "ADR Provider." The complaining Party must notify the other Party or Parties that a Dispute exists and then contact the ADR Provider to schedule the mediation conference… The mediation shall be a non-binding conference between the Parties in accordance with applicable rules and procedures of the ADR Provider. No Party may initiate arbitration (or litigation permitted by Section 15.6) until the mediation is complete. Any mediation is considered complete: (a) if the Parties enter into an agreement to resolve the Dispute; (b) by the Party submitting the Dispute to mediation, if the other Party fails to appear at or participate in a reasonably

    scheduled mediation conference; or (c) if the Dispute is not resolved within five (5) days after the mediation is completed.

    15.2 <u>Arbitration; Injunctive Relief</u>.  If any Dispute remains between the Parties after the mediation is complete, except as provided in Section 15.6, the Parties must submit the Dispute to final and binding arbitration (without appeal or review) administered at the Situs by the ADR Provider under its then-current rules.  The arbitrator must have experience in the hospitality industry and must not have any conflict of interest.  Notwithstanding the preceding terms of this Section 15.2 and the other provisions of this Article 15, however, either Party may seek temporary restraining orders or other injunctive relief in the federal or state courts of the Situs to prevent the other Party from any breach or threatened breach of any restrictive covenant, provided that ultimate disposition of such matter shall be determined by arbitration as provided in the first sentence of this Section 15.2 and the other applicable provisions of this Article 15.

  11. As required by the Arbitration Agreement, on October 13, 2020, the Parties commenced mediation, but the mediation was unsuccessful and was deemed complete on December 29, 2020. The dispute was not resolved within five days after the mediation was completed.

  12. WHM initiated the Arbitration on January 8, 2021, to enforce its rights under the HMA and requested that the JAMS Expedited Procedures apply to the case.

  13. WHM served I-Shops and its then counsel (Greenberg Traurig P.A.) with copies of the Demand for Arbitration by email on December 11, 2021, and I-Shops received hard copies the next day, December 12, 2021.

  14. On February 15, 2021, Weiss Serota Helfman Cole & Bierman entered its appearance as new counsel for I-Shops and filed an Answer, Affirmative Defenses, and Counterclaim. <u>See</u> **Exhibit 2** (Answer, Affirmative Defenses, and Counterclaim of I-Shops).

  15. Also on February 15, 2021, WHM advised JAMS that the Parties had not come to an agreement concerning the appointment of the sole arbitrator and requested that JAMS provide

a list of potential candidates to the Parties as provided in Rule 15(b) of the JAMS Rules. A true and correct copy of this February 15, 2021 correspondence is attached hereto as **Exhibit 3**.

16. On February 24, 2021, JAMS advised the Parties that the Arbitration had commenced and provided the Parties with a list of arbitrator candidates with instructions to make their respective selections under JAMS Rule 15(b) by March 3, 2021. A true and correct copy of this February 24, 2021 correspondence is attached hereto as **Exhibit 4**.

17. On February 25, 2021, Respondent objected to the entire list of arbitrator candidates, claiming that "none of [the arbitrator candidates] appear to meet the criteria for the arbitrator pursuant to the governing arbitration clause" and requesting that JAMS "provide the parties with a new list of proposed arbitrators." A true and correct copy of this February 25, 2021 correspondence is attached hereto as **Exhibit 5**. WHM objected to I-Shops' blanket objection to the entire list of arbitrators, noting that publicly available information concerning the arbitrators confirmed that several of the candidates have experience in the hospitality industry.

18. On March 16, 2021, JAMS advised the Parties that it was preparing a supplemental arbitrator strike and rank list which it would vet in advance to ensure that the proposed arbitrators have hospitality experience.

19. JAMS provided the Parties with this supplemental list of potential arbitrator candidates with experience in the hospitality sector on March 26, 2021 (the "Supplemental List of Arbitrator Candidates") and instructed the Parties to provide their strike lists by April 2, 2021, per the JAMS Rules. A true and correct copy of this March 26, 2021 correspondence is attached hereto as **Exhibit 6**.

20. WHM submitted its strike list on April 2, 2021, but on April 6, 2021, four days after the Parties' selections were due, I-Shops again objected to the entire new list of candidates and submitted a "Motion to Strike Panel of Arbitrator Candidates" (the "Motion") in which it

argued that the Arbitration Agreement required that the arbitrator have "worked" in the hospitality industry. A true and correct copy of the April 6, 2021 Motion to Strike Panel of Arbitrator Candidates is attached hereto as **Exhibit 7**. WHM once again objected to I-Shops' blanket objection to the proposed list of arbitrators on April 8, 2021.

21. On April 23, 2021, JAMS advised the Parties that the matter had been referred to JAMS's "National Arbitration Committee" and that the Parties would be provided with "feedback as soon as we have a resolution." After numerous attempts by WHM to follow-up on this process, the National Arbitration Committee has not resolved the issue and the Parties have not received any update from JAMS since June 23, 2021.

22. On September 17, 2021, counsel for WHM wrote to JAMS to advise that if progress was not made toward the appointment of the arbitrator, WHM would seek judicial intervention under the Federal Arbitration Act. JAMS has not responded.

## Argument

23. The Federal Arbitration Act, 9 U.S.C. § 5, provides that if for "any other reason there shall be a lapse in the naming of an arbitrator or arbitrators . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator . . . who shall act under the said agreement with the same force and effect as if he . . . had been specifically named therein."

24. Despite having been commenced on January 8, 2021, and despite the urgent and time-sensitive nature of the requested relief, JAMS has not appointed an arbitrator and, as a result, the Arbitration has not proceeded.

25. Federal district courts have exercised their authority under 9 U.S.C. § 5 to appoint arbitrators in cases in which there have been lapses of five to seven months resulting from an impasse or other unresolved disagreement concerning the appointment. See, e.g., Pac. Reinsurance

Mgmt. Corp. v. Ohio Reinsurance Corp., 814 F.2d 1324, 1329 (9th Cir. 1987) (affirming appointment of arbitrator by the district court intervened to appoint arbitrator after lapse of five months); Baylor Health Care Sys. v. Beech St. Corp., MISC. 3:13-MC-054-D, 2013 WL 2095777, at *2 (N.D. Tex. May 15, 2013) (court intervened to appoint arbitrator after lapse of five months); Sprint Communications Co., L.P. v. Albany County, New York, Case No. 117CV01271BKSCFH, 2018 WL 2390121, at *3 (N.D.N.Y. May 25, 2018) (court intervened to appoint arbitrator after lapse of six months).

26. In this case, the Parties disagree regarding the provision in the Arbitration Agreement which states that the sole arbitrator have "experience in the hospitality sector." See Exhibit 1 at p. 4 (Demand for Arbitration). WHM contends that this provision may be satisfied by working or having experience in the hospitality sector, including by acting as counsel or as a judge or arbitrator in disputes related to the sector. See, e.g., Medford Twp. Sch. Dist. v. Schneider Elec. Buildings Americas, Inc., 207 A.3d 265, 269 (N.J. App. Div. 2019) (courts must "look to the plain language the parties used in the arbitration provision.").[1] I-Shops, on the other hand, argues that the "arbitrator must have experience working in the hospitality industry," even though the word "working" does not appear in the Arbitration Agreement. See Exhibit 7 at p. 3 (Respondent's Motion to Strike Panel of Arbitrator Candidates).

27. The failure of JAMS to address or resolve the Parties' dispute is the type of a "mechanical breakdown in the arbitrator selection process" that warrants the Court's intervention to appoint the sole arbitrator. In re: Salomon Inc. Shareholders' Derivative Litig., 68 F.3d 554, 560 (2d Cir. 1995). A court has "not only the authority but the obligation to appoint" the sole arbitrator

---

[1] WHM cites New Jersey authorities on this and related points concerning the interpretation of the HMA because the HMA's choice of law provision (Section 16.20) provides that New Jersey law will apply to all claims arising from the relationship between the Parties

to remedy this apparent breakdown in the appointment process. See Sprint Communications, 2018 WL 2390121, at *3 (citing Odyssey Reins. Co. v. Certain Underwriters at Lloyd's London Syndicate 53, 615 Fed.Appx. 22, 22–23 (2d Cir. 2015)).  Further, the Court's appointed arbitrator should meet the qualifications required by the Arbitration Agreement for "experience in the hospitality sector," which as described above is intentionally broad and would encompass experience gained in a variety of ways.

28. The Court has discretion to develop a process by which the arbitrator is to be appointed. See, e.g., BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd., 689 F. 3d 481, 497 (5th Cir. 2012). Given the circumstances of this case, WHM respectfully directs the Court to the Supplemental List of Arbitrator Candidates submitted to the Parties by JAMS, which JAMS expressly vetted to ensure that the proposed arbitrators had the requisite experience in the hospitality sector. See Exhibit 6 (Correspondence from JAMS dated March 26, 2021, with supplemental list of potential arbitrators).

29. In particular, WHM refers the Court to the following arbitrator candidates proposed by JAMS on March 26, 2021 (see Exhibit 6, Supplemental Arbitrator List) and which WHM submitted to JAMS on April 2, 2021, pursuant to JAMS's instructions:

- Hon. Richard Suarez (Ret.)
- Andrew Ness, Esq.
- Hon. Lucy Chernow Brown (Ret.)
- Joseph Loveland, Esq.
- Hon. Joseph P. Farina (Ret.)
- Hon. Margaret R. Hinkle (Ret.)
- Vivien B. Shelanski, Esq.
- Hon. C. Scott Crabtree (Ret.)
- Hon. Nancy Holtz (Ret.)

30. JAMS confirmed in its March 16, 2021 correspondence that it would vet each of these candidates to confirm that they had experience in the hospitality sector. Therefore, each of them is qualified to serve as the sole arbitrator in this case so that it may finally move forward.

### Request for Relief

31. For the reasons set forth above, the Parties have been unable to proceed with the Arbitration for more than eight months since it was initiated because the Parties and JAMS are at an impasse with respect to naming the sole arbitrator. WHM therefore seeks judicial intervention pursuant to 9 U.S.C. § 5 to appoint the sole arbitrator for the Arbitration.

WHEREFORE, WHM respectfully requests an order:

(a) Directing that the arbitration proceed in accordance with the JAMS Comprehensive Arbitration Rules and Procedures,

(b) Appointing an arbitrator with experience in the hospitality sector from the Supplemental List of Arbitrator Candidates submitted to the Parties by JAMS on March 26, 2021, and as submitted to JAMS by WHM on April 2, 2021 (see para. 29, above), and

(c) Granting any such further relief that the Court considers just and proper.

September 27, 2021                             Respectfully submitted,

**DLA PIPER LLP (US)**

By:   *s/ Harout J. Samra*
      Harout J. Samra
      Florida Bar No. 70523
      harout.samra@dlapiper.com
      200 S. Biscayne Blvd., Suite 2500
      Miami, Florida  33131
      Tel.: (305) 423-8534
      Fax.: (305) 437-8131

      *Counsel for Wyndham Hotel Management, Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 27, 2021, on all counsel or parties of record on the Service List below.

*s/ Harout J. Samra*
Harout J. Samra

## SERVICE LIST

Weiss Serota Helfman Cole & Bierman, P.L.
Howard D. DuBosar
Juan P. Loumiet
Aleida Martinez Molina
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel.: (561) 835-2111
HDuBosar@wsh-law.com
JLoumiet@wsh-law.com
AMartinez@wsh-law.com

*Counsel for Respondent
I-Shops Orlando LLC*